✓ FILED ___ LODGED
___ RECEIVED ___ COPY

MAR 0 5 2010

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ P DEPUTY

Monica Main (pro se)
P.O. Box 55232
Santa Clarita, CA  91385-5232
(661) 310-0373

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| REMENTORS, INC., a Massachussetts ) | |
| corporation, d/b/a DAVID LINDAHL'S RE ) | Case No.: 2:10-cv-00063-JWS |
| MENTOR; ) | MOTION TO DISMISS |
| Plaintiff, ) | FOR DEFENDANT MONICA MAIN |
| ) | |
| vs. ) | |
| MONICA MAIN and JOHN DOE MAIN, | |
| husband and wife; GLOBAL SUCCESS | |
| STRATEGIES, INC., a California | |
| corporation; | |
| Defendants | |

        Defendant Monica Main (hereinafter "Defendant"), a pro se litigant,
respectfully moves the Court to enter an Order pursuant to Fed. R. Civ. P.
12(b)(2), Fed. R. Civ. P. 12(b)(3), and Fed. R. Civ. P. 12(b)(6) dismissing
Plaintiffs' claims against her for lack of personal jurisdiction, improper
venue, and failure to state a claim upon which relief can be granted. The
Plaintiff cannot maintain a legitimate claim against this Defendant on the
alleged grounds of trademark infringement and copyright violations under the
Lanham Act.

        The Complaint is filed as a civil action seeking monetary damages and
injunctive reliefs for various acts of copyright and trademark infringement
in violation of Lanham Act. Plaintiff alleges that the Defendants are

1   utilizing Plaintiff's copyright protected materials and have been
2   representing those as their own. They further allege that the Defendant used
3   derogatory Internet ads against Plaintiff. There is no basis for such
4   impudent allegations against this Defendant nor does the Plaintiff have any
5   cognizable unfair competition or trademark claim here.
6       The Defendant, Monica Main is based in Los Angeles County, California
7   and she does not represent the Defendant Company in any way.   She is an
8   independent contractor for her own marketing consultancy company situated
9   California.
10      Defendant Main does not own Global Success Strategies, Inc.   Defendant
11   has licensed her products and services to Global Success Strategies, Inc. and
12   allows the company to use her name in approved promotional and marketing
13   materials.
14      This Defendant had licensed her copyrighted products to Global Success
15   Strategies, Inc. for a fee and continual royalties.   She also supplies
16   business consulting services to the Defendant Company on a regular basis.
17   The Defendant Company licenses products and services for her.   Therefore this
18   Defendant is not responsible for any additions or changes they could have
19   made to the materials provided under her licensing agreement with them, nor
20   would the Defendant have knowledge of any such changes if they did, in fact,
21   exist.
22      Additionally, the Complaint is filed against the Defendant Company and
23   the methods of advertising in which this Defendant is not a part and does not
24   assume responsibility nor liability.
25      Furthermore, this Defendant has a copyright on her materials on the
26   Apartment Building Cash Flow System since 2007 as per the Library of Congress
27   registration TXu001366381 for seemingly the same materials that the Plaintiff
28   is laying a copyright claim to.

According to this Defendant the Complaint lacks personal jurisdiction and venue. The claim for trademark and copyright infringement does not stand under the Lanham Act on the basis of an alleged cause of action which is allegation of "defamation" and not "IP infringement."

In support of this Motion to Dismiss, Defendant states as follows:

## STATEMENT OF FACTS

All the facts set forth herein are based on the pleadings in this matter.  The Defendant Monica Main is an independent contractor.  The Plaintiff's REMENTORS, INC., (RE Mentor) is a Massachusetts Corporation.  The Complaint alleges as follows:

The Plaintiff is doing business as "David Lindahl's TM RE Mentor. The Defendant Company, Global Success Strategies, Inc. is doing business under Global Success Strategies, Inc.  Plaintiff, RE Mentor is a real estate investing firm operated by its founder and principal, David Lindahl (Lindahl).

Moreover, Lindahl is a real estate investing expert who makes his own claims to be well-known for providing education, coaching and mentoring to average consumers who are seeking to become real estate investors.   The Plaintiff claims that Lindahl and RE Mentors are known for their specialization in investing in apartment buildings for cash flow and appreciation.

The Plaintiff states that RE Mentor which was incorporated in 1998 has a pending trademark application for the mark "DAVID LINDAHL" in connection with education services in the nature of real estate investment and that Lindahl began providing his educational goods under the pending trademark from 1996.

1   According to the Plaintiff "DAVID LINDAHL" is a well known real estate

2   investment education community and that it has acquired secondary meaning in

3   the field of real estate investment education.   Furthermore, according to the

4   Plaintiff RE Mentor is the owner of various copyright protected materials.

5   The Complaint alleges that the Defendants Global Success Strategies,

6   Inc. and Monica Main are utilizing Internet search engine advertisements

7   bearing tag lines as "Lindahl is a joke" and "Lindahl scam exposed" and that

8   they are utilizing the derogatory Internet ads to direct Internet users

9   searching for "DAVID LINDAHL" or "RE Mentor" to Defendant's website.

10  Plaintiff alleges that the Defendant Main used the copyright protected

11  letters of the Plaintiff.

12  Plaintiff further alleges that the purchase of such materials

13  constitutes an individual license and did not entitle Defendants to resell

14  the copyright protected letters and by doing so the Defendant has caused

15  substantial confusion among consumers who have been mislead as to the goods

16  and services provided by the Plaintiff.   The Complaint further alleges

17  trademark infringement under Lanham Act against the Defendants.

18  The Defendant, Monica Main denies these unsubstantiated claims and

19  further states that the alleged infringement is untenable under the following

20  grounds.

21

**LEGAL ARGUMENT**

22

23  **1.   PLAINTIFF'S CLAIM CANNOT SURVIVE THE DISMISSAL FOR FAILURE TO ESTABLISH**
**PERSONAL JURISDICTION UNDER FED. R. CIV. P 12(b)(2)**

24

25  As understood from the Complaint the Plaintiff is an incorporation

located in Massachusetts. Defendant Monica Main is based in Los Angeles

26
County, California and Defendant Company is an entity also situated in Los

27
Angeles County, California.   The Defendant has never lived or worked in

28
Arizona.

Federal Rules of Civil Procedure 12(b)(2) provides a party to file a motion to dismiss a Complaint for "lack of personal jurisdiction." In the present case neither the Plaintiff nor the Defendants reside or conduct business concentrating Arizona and so it cannot confer jurisdiction to either of the parties.  No such activities or incident was stated in the Complaint to specifically show an infringement under the specified statute. **The only possible reason for the choice of Arizona jurisdiction is that Plaintiff's law firm is situated in Arizona and participated in the legal services to file the "David Lindahl" trademark.**  As it is not a ground prescribed under law "the Plaintiff has the burden of establishing personal jurisdiction." See *Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir.1995)*

To meet "the burden of establishing the existence of personal jurisdiction," a Plaintiff "cannot `simply rest on the bare allegations of the Complaint, but rather is obliged to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction.'" *Macpherson v. Taglione, 158 Ariz. 309, 311-12, 762 P.2d 596, 598-99 (App.1988), quoting Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc., 551 F.2d 784, 787 (9th Cir.1977).* Plaintiff in this case has not adduced any documentary or factual evidence to show that Defendants are subjected to personal jurisdiction in Arizona; nor have they produced any evidence to show that Plaintiff is subject to Arizona jurisdiction.  A Court shall look for evidence that the alleged activity was "purposefully directed" at the resident of the forum state or that the person causing the injury had contacts with the state. Here the forum state is not a place of residence to neither the Plaintiff nor the Defendants. There is no specific allegation in the Complaint that a certain activity was directed to bring jurisdiction of Arizona.

For a state to have personal jurisdiction over a nonresident Defendant, the Defendant must "have sufficient minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of

fair play and substantial justice." *Williams v. Lakeview Co., 199 Ariz. 1, ¶ 6, 13 P.3d 280, 282 (2000), citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 320, 66 S.Ct. 154, 90 L.Ed. 95 (1945)*.

The **Due Process Clause** protects a Defendant's "liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful `contacts, ties or relations.'" *Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 269-70 (9th Cir.1995) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72, 105 S.Ct. 2174, 2181-82, 85 L.Ed.2d 528 (1985))*. In determining whether a Defendant had minimum contacts with the forum state such that the exercise of jurisdiction over the Defendant would not offend the Due Process Clause, courts focus on "the relationship among the Defendant, the forum, and the litigation." *Shaffer v. Heitner, 433 U.S. 186, 204, 97 S.Ct. 2569, 2579, 53 L.Ed.2d 683 (1977)*. "If a court determines that a Defendant's contacts with the forum state are sufficient to satisfy the Due Process Clause, then the court must exercise either general or specific jurisdiction over the Defendant." *See Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 414-15*

In the present case personal jurisdiction over these Defendants is not established by the Plaintiff by showing sufficient minimum contacts with the forum state. "Once the Defendant has moved for dismissal for lack of jurisdiction, the Plaintiff has the burden of establishing that jurisdiction is proper." *G.T. Helicopters, Inc., 135 Ariz. at 382, 661 P.2d at 232; see also Rollin, 196 Ariz. 350, ¶ 8, 996 P.2d at 1256*. "`the constitutional touchstone remains whether the Defendant purposefully established "minimum contacts" in the forum State.'" *Id., quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)*. In this case no such contacts can be ascertained in Arizona.

"A determination of whether minimum contacts exist involves a qualitative, rather than quantitative, analysis." *See Meyers v. Hamilton*

*Corp.*, 143 *Ariz.* 249, 253, 693 *P.2d* 904, 908 (1984). But a Defendant's "isolated or sporadic contacts with this state will not suffice" to confer personal jurisdiction. *Id. at 252, 693 P.2d at 907.* In this case even an isolated contact could not be made out.

In view of the above explained factual and legal averments the court lack personal jurisdiction over this Defendant because she had not had sufficient contact with the State of Arizona to subject her to that jurisdiction. According to this Defendant none of the parties to the Complaint are subjected to Arizona jurisdiction.

2.   **PLAINTIFF'S CLAIMS FOR TRADEMARK INFRINGEMENT SHOULD BE DISMISSED UNDER LACK OF VENUE PURSUANT TO FED. R. CIV. P 12(b)(3)**

There is no specific allegation of trademark infringement in the Complaint as specified in the statute.

Section 32 of the Lanham Act states as follows:

"*Any person who shall, without the consent of the registrant —*

*use in commerce any reproduction, counterfeit, copy, or*

*colorable imitation of a registered mark in connection with*

*the sale, offering for sale, distribution, or advertising of*

*any goods or services on or in connection with which such use*

*is likely to cause confusion, or to cause mistake, or to*

*deceive . . . shall be liable in a civil action by the*

*registrant. .*

Section 43:

"*Any person who, on or in connection with any goods or*

*services, or any container for goods, uses in commerce any*

*word, term, name, symbol, or device, or any combination*

*thereof, or any false designation of origin, false or*

*misleading description of fact, or false or misleading*

*representation of fact, which — is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act."*

By going by the statue, in order to establish a trademark infringement in Arizona, a trademark holder must prove four elements: (1) its trademark is famous; (2) the Defendant is making commercial use of its mark in commerce; (3) the mark became famous before the Defendant began using the mark; and (4) the Defendant's use is causing actual harm to the trademark holder. ***Nissan Motor Co. v. Nissan Computer Corp., 378 F.3d. 1002, 1010 (9th Cir.2004).*** None of the above mentioned requirements are satisfied by the Plaintiff while bringing a Complaint against this Defendant in Arizona for infringement.

It is essential that in order to raise a cause of action in trademark infringement, there should be a specific allegation as to "use of registered trademark, by a Defendant in order to deceive the consumers of the Plaintiff resembling as the Plaintiff itself". Here the allegation is about "defamation" and not "resembling usage of identical mark to identify as Plaintiff". The Plaintiff has miserably failed to state any cause of action amounting to trademark infringement and thus the Complaint needs to be dismissed

There is no pleading adduced or documents produced to show that the Plaintiff's alleged trademark is famous, the Defendants are making commercial use of its mark or the alleged use of mark has caused substantial harm to the Plaintiff.

According to the United States Patent and Trademark Office ("USPTO"), 15 U.S.C. 1127(a), in order for a trademark to qualify for protection, it must have acquired "secondary meaning." The name "David Lindahl" is not secondary to anything publically recognizable or "famous," as the Plaintiff suggests. The Plaintiff has stated that "David Lindahl" is secondary to real estate investment education when, in fact, very few people have ever heard the name "David Lindahl." Names that are secondary to real estate investment education would be Robert Allen, Robert Kiyosaki, Ron Legrand, Carleton Sheets, and even Donald Trump. The newly registered trademark of "David Lindahl" does not come close to being considered "secondary" in meaning to "real estate investment education" as the Plaintiff has claimed.

Contrary to the specific allegation of the Plaintiff is that Defendants engaged in "utilizing paid-for Google and other Internet search engine advertisements bearing such tag lines as "Lindahl is a joke" and "Lindahl scam exposed." According to the Plaintiff these are "derogatory Internet ads" used by the Defendants to direct Internet users searching for "DAVID LINDAHL or "RE Mentor." The present cause of action is defamatory rather than a trademark infringement under the specified statute.

The elements that must be proved to establish defamation are: (1) A publication to one other than the person defamed; (2) of a false statement of fact; (3) which is understood as being of and concerning the Plaintiff; and (4) which is understood in such a way as to tend to harm the reputation of Plaintiff.

Plaintiff alleges in the Complaint that Defendants are using their trademark and copyrighted materials representing them as their own thereby creating confusion among consumers. If so there is no point in the contention of the Plaintiff that the Defendants are using derogatory ads to defame the

Plaintiff for the reason that, according to the Plaintiff, the Defendants are doing business under the shelter of Plaintiff's trademark.

"It seems that the Plaintiff is misunderstanding the definition of "trademark infringement" which is when a "likelihood of confusion" in the marketplace takes place.  This "confusion" does not take place when a company implements a marketing campaign using defaming headlines against "themselves" in order to gain customers.   This is not how a direct competitor would mislead customers into believing they are offering the exact products/services sold by the trademarked entity (as an affiliate or as the company themselves) when they are simply selling their own version of the trademarked product/service.

At no time did Defendant Main every imply she was selling products/services of RE Mentors, Inc. and/or David Lindahl as her own.  The Complaint alleges that the Defendant placed pay-per-click ads through tag lines such as "Lindahl is a Joke" and "Lindahl Scam Exposed."  These ads would hardly qualify as "confusing" a prospective customer into thinking that the entity that placed the ads would be offering a product/service by David Lindahl or RE Mentors, Inc.  Anyone reading such an advertisement would never believe the advertiser was directly promoting a product from RE Mentors, Inc. and/or David Lindahl.

Trademark infringement and defamation are two different aspects which come under different statutes.  By alleging the cause of action of defamation it can be inferred that there is no infringement as contended. So when there is no trademark infringement there is no hypothetical venue for the Complaint.

"When the cause of action is personal to the individual Defendant, the venue requirement must be met as to that Defendant." ***Hoover Group, Inc. v. Custom Metalcraft, Inc.***, **84 F.3d 1408, 1410 (Fed.Cir.1996)**.  Based on the factual circumstances of the present action, Plaintiff must establish venue

under § 1391(a)(2) and illustrate that a substantial part of the events or omissions giving rise to their claims against each Defendant occurred in Arizona.

Moreover, there is no specific allegation in the Complaint that Defendants did anything to encourage people in Arizona to access any site, and there is no evidence that any part of its business (let alone a continuous part of its business) was sought or achieved in Arizona. To the contrary, business of the Plaintiff appears to be an operation where the business was generated by the personal contacts of its founder, David Lindahl, which is clearly evidenced from their website. While those contacts are not entirely local, they aren't in Arizona either.

Any of the parties including this Defendant did not enter into any contracts in Arizona, made no sales in Arizona, earned no income from Arizona, and sent no messages over the Internet to Arizona.  This Defendant had never used any advertisement tactics concentrating Arizona.  The interaction with the website is limited to using her licensed products and name under an agreement with the Defendant Company.  Signing up for the service of course materials offered is not an option provided to anyone from Arizona alone.  No money changed hands on the Internet from (or through) Arizona to this Defendant.

In short, none of the parties including this Defendant has done no act and has consummated no transaction, nor has it performed any act by which any of them purposefully availed itself of the privilege of conducting activities in Arizona, thereby invoking the benefits and protections of Arizona. **The only reason the Complaint was filed in Arizona is that the Plaintiff's law firm that filed the trademark application is situated there which is not a ground to avail proper venue.**  Therefore it can be seen that no such alleged infringement took place in Arizona and the Complaint lacks proper venue.

For purposes of venue, a Defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. Venue having been challenged, Plaintiff has the burden of establishing that venue is properly in the District of Arizona. *Grantham v. Challenge-Cook Bros. Inc., 420 F.2d 1182, 1184 (7th Cir. 1970)*.

Title 28 U.S.C. § 1391(a), the statute which governs venue in diversity cases, provides:

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any Defendant resides, if all Defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any Defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Analyzing all the three pre-requisites mentioned above it can be seen that;

(1) Arizona is not the place of residence of the Defendant (or any other Defendant);

(2) A substantial part of the alleged infringements cannot be said to have occurred in Arizona from the statement of facts in the Complaint itself. There is no specific averment in the Complaint that whole any part of the cause of action took p[lace in Arizona; and,

(3) There is no personal jurisdiction in Arizona against this Defendant (or any other Defendant) considering that she has not advertised or sold any of her course materials in Arizona or anywhere else and so no claim in the Complaint is a proper basis for asserting venue in Arizona against her.

Without prejudice to the above contention Defendant Monica Main asserts that venue in Arizona is improper because all of the alleged actions complained of occurred in Arizona cannot have caused any harm to the Plaintiff which is a corporation said to be highly established in Massachusetts.

Under the above circumstance, Defendant Monica Main challenges that the present Complaint lacks proper venue against her and is liable to be dismissed.

## 3.   THE CLAIMS CANNOT WITHSTAND THE STANDARD FOR DISMISSAL FOR FAILURE TO STATE A CLAIM UNDERR FED. R. CIV. P. 12(b)(6)

In analyzing a motion to dismiss for failure to state a claim upon which relief may be granted, all allegations of material fact in the Plaintiff's Complaint are taken as true and construed in the light most favorable to the nonmoving party. *See National Wildlife Federation v. Espy*, 45 F.3d 1337, 1340 (9th Cir.1995); *see also Levine v. Diamanthuset, Inc.* 950 F.2d 1478, 1482 (9th Cir.1991).

The contradictory cause of actions of trademark infringement and defamation, alleged by the Plaintiff, in the Complaint invalidates the Complaint.  Both these claims are contradictory to each other regardless of the fact that the Complaint fails to establish a specific action by the Defendant that attracts a trademark infringement or defamation.  Therefore the Complaint is liable to dismiss for lack of a definite claim.

The Complaint further fails to establish a copyright infringement in view of the fact that there are no exhibits or evidence produced to show that there is a valid copyright protection available to the Plaintiff for the materials claimed to be infringed upon. In fact the Defendant's contention is that her materials are copyrighted materials from the year 2007.

The Plaintiff has not specified any particular date or incident or specific statements in which the uses of their trademark or copyrighted materials were used by the Defendant. The Complaint fails to show a specific period, date or occasion when the Defendant allegedly purchased their materials or had been exposed to such copyrighted documents to support opportunity in infringing upon the vaguely specified materials in question.

Mere mentioning of facts is not sufficient to establish a claim. As the court mentioned "dismissal of an action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is "proper only where it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) In the present case Plaintiff's claim is based on baseless allegations without any substantial evidence to prove the allegations beyond reasonable doubt.

Plaintiff failed to provide a date or period when the Defendant allegedly purchased their materials as alleged in the Complaint.

Complaint is silent about who informed the Plaintiff about the alleged infringement and defamatory ads. There is no mention of any damages that has occurred to the Plaintiff due to any specific action of the Defendant.

Furthermore, the Complaint is silent regarding the date of the cease and desist notices allegedly having been send directly to this Defendant. No exhibits are produced in this regard by the Plaintiff proving that such notices had been sent or received by either party in this Complaint.

By bringing a Complaint against this Defendant, RE Mentors, Inc. is asserting that this Defendant is responsible for the derogatory pay-per-click marketing campaign and that she is using the copyrighted works of the Plaintiff. For such an alleged cause of action the Plaintiff should have initiated action against Defamation and not reliefs against IP infringement.

All of the materials created by this Defendant are 100% her own.  This Defendant has not borrowed any course elements from anyone else as contended in the Complaint.  The Plaintiff has not provided any proof to establish the fact that this Defendant has purchased materials from them which would include a date of purchase from the Plaintiff Company.

A copyright infringement claim requires proof of (1) ownership of a valid copyright, and (2) violation of the copyright-holder's exclusive rights. _**Feist Publications, Inc. v. Rural Telephone Service Co., 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991)**_; _**A & M Records v. Napster, Inc., 239 F.3d 1004, 1013 (9th Cir.2001)**_. "Only the owner of an exclusive right under the copyright is entitled to sue for infringement."  Moreover, the owner of the copyright must have owned the copyright at the time the alleged infringement took place.  In this case this Defendant possesses valid copyright to the materials she supplies. It is for the Plaintiff to prove specific statements of copyright infringements against this Defendant. Unfortunately, the Complaint lacks any specific allegation of copyright violation than general vague statements.

The "owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b) (emphasis added). Copyright assignments do not include accrued causes of action unless they are expressly included in the assignment. _**ABKCO Music, Inc. v. Harrisongs Music, Ltd., 944 F.2d 971, 980 (2nd Cir.1991)**_ "The assignee is only entitled to bring actions for infringements that were committed while it was the copyright owner and the assignor retains the right to bring actions accruing during its ownership of the right, even if actions are brought subsequent to the assignment."In the present case Defendant has a copyright for her materials from 2007. It is for the Plaintiff to prove that they have obtained protection before the Defendant.

Because there is rarely any direct evidence of copying, copying may be established by circumstantial evidence of (1) the Defendant's access to the copyrighted work and (2) the substantial similarity between the copyrighted work and the Defendant's work. **Data East USA, Inc. v. Epyx, Inc., 862 F.2d 204, 206 (9th Cir.1988).**

The Plaintiff in this case failed to establish these aspects. There is only a mere allegation that this Defendant had purchased their copyrighted materials.  The Plaintiff has failed to give any details of such alleged purchase date, invoices including a shipping address and title of the materials purchased, etc.

The Defendant she has not purchased any materials from David Lindahl and/or RE Mentors, Inc. and has not copied any material from their organization.  Plaintiff has failed to produce any similarity between the works or specific details about what exactly has been copied.  The Defendant is in no way associated with the activities of advertisements as mentioned above.

In this case the facts do not establish that a claim is clearly brought against this Defendant for copyright infringements. Mere accusation that the acts of this Defendant constituted infringement is not tenable especially in view of the fact that this Defendant is only a contractor of the Defendant Company.  The Complaint is silent about the mark which is allegedly used by the Defendants thereby causing an infringement and actual harm to the holder. The said protected marks "DAVID LINDAHL" or "RE Mentor" is not used by any of the Defendants as contended.  The Complaint lacks any specific allegation to that effect.

The present Complaint is merely an attempt on the part of Plaintiff to attempt to put this Defendant out of business because he views Defendant's products as being a direct threat to his suffering business.

**4.   PLAINTIFFS' CLAIMS FOR TRADEMARK, COPYRIGHT INFRINGEMENT, UNFAIR COMPETITION AND INITIAL INTEREST CONFUSION AGAINST THIS DEFENDANT UNDER THE LANHAM ACT ARE UNCOGNIZABLE**

The Complaint alleges that Defendants used its trademark and name without permission and in violation of Lanham Act.  The complaint is specifically filed against Defendants for infringement of copyright and trademark under the provisions of the Lanham Act. In this context it is pertinent to note that the alleged illegal activities in the complaint include "utilizing paid-for Google and other Internet search engine advertisements bearing such tag lines as "Lindahl is a joke" and "Lindahl scam exposed." (Without Prejudice) If at all this is true, it comes under the exception of fair use under Title 17 § 107. Limitations on exclusive rights: Fair use. A fair use is a doctrine that allows any copying of copyrighted material done for a limited and "transformative" purpose such as to comment upon, criticize or parody a copyrighted work. Such uses can be done without permission from the copyright owner.

"Fair use is an 'equitable rule of reason,'" *Dr. Seuss Enters., L.P. v. Penguin Books USA, Inc., 109 F.3d 1394, 1399 (9th Cir.1997) (quoting Sony Corp. of Am. v. Universal City Studios, Inc., 464 U.S. 417, 448, 104 S.Ct. 774, 78 L.Ed.2d 574 (1984)),* that "permits courts to avoid rigid application of the copyright statute when, on occasion, it would stifle the very creativity which that law is designed to foster." In re *Designer Skin, LLC v. S & L Vitamins, Inc., 560 F.Supp.2d 811 (D. Ariz., 2008)* Court observed that "Courts must consider and weigh four factors in determining whether the fair use doctrine applies in a particular case:

(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the

1  effect of the use upon the potential market for or value of the copyrighted

2  work.

3      In the present case there is no contention as to which of the

4  Plaintiff's copyrighted materials are "stolen" by the Defendant regardless of

5  the fact that the Defendant had obtained copyright for all the materials she

6  have created. There is no explanation as to the effect of use of alleged

7  copyrighted materials in the Plaintiff's potential market, leave alone

8  Arizona. The complaint lacks the nature of the copyrighted work asserted.

9      The plaintiff brings this action pursuant to the Lanham Act, 15 U.S.C §

10  1051. The Act requires that a plaintiff in a trademark infringement action

11  should show that the defendant (1) without consent, (2) used in commerce, (3)

12  a reproduction, copy or colorable imitation of the plaintiff's registered

13  mark in connection with a sale or distribution of goods or services, and (4)

14  that such a use is likely to cause confusion. *See 15 U.S.C. § 1114(1)(a)*

15  *(1988); Gruner + Jahr USA Publishing v. Meredith Corp., 991 F.2d 1072, 1075*

16  *(2d Cir.1993); Kelley Blue Book v. Car-Smarts, Inc., 802 F.Supp. 278, 284*

17  *(C.D.Cal. 1992).*

18  Here the Plaintiff has not has not made any specific allegation  that the

19  defendant engaged in any of the activities mentioned above.

20      According to the Library of Congress Copyright Office, Plaintiff David

21  Lindahl did not copyright anything before 2008.  The Defendant contends that

22  the Plaintiff's so called copyrighted materials do not possess copyrights

23  through the Library of Congress as contended. **Being so the Defendant claim**

24  **that Plaintiff have not stated a viable cause of action against her**.

25      Plaintiff specifically brought the contention "unfair competition under

26  the Lanham Act, 15 U.S.C. § 1125(a)." According to the complaint, Defendant

27  engaged in actions that were "likely to cause confusion or mistake or to

28  deceive customers as to connection, or association between Defendants' mark

and Plaintiff's trademarks." Also, Plaintiff alleged Defendants "engaged in

the misleading representation of facts to intentionally and unfairly compete

with Plaintiff's trademark." Therefore the court must decide whether the

Complaint states a cause of action of defamation or trademark and copyright

infringement. Both these pleadings together are unwarranted. Plaintiff's

Counsel has cited a statute under the Lanham Act and the court has to find a

cause of action under defamation which would allow the Plaintiff to claim

damages under the cause of action here alleged.

Initial interest confusion occurs when potential customers are lured

away from a trademark holder's product to a competitor's product through the

deceptive use of the holder's mark. **See *Playboy Enters., Inc. v. Netscape***

***Commc'ns Corp., 354 F.3d 1020, 1025 (9th Cir.2004);*** First, this Defendant do

not agree that the Plaintiff's trademark has a secondary meaning with real

estate investment education and that the name David Lindahl is widely

recognized among those pursuing real estate investing careers.

Deception is essential to a finding of initial interest confusion.

***Designer Skin, LLC v. S & L Vitamins, Inc., 560 F.Supp.2d 811 (D. Ariz.,***

***2008).*** Customers are not confused in the narrow sense. They are fully aware

that they are purchasing from the Defendant Company or Plaintiff and they

have no reason to believe that Defendant is related to, or in any way

sponsored by the Plaintiff.

Thus, the mere allegation that Defendant uses Plaintiff's marks in the

ads of its sites and as search-engine keywords does not result in initial

interest confusion. Instead Plaintiff must show that the Defendant uses it

and these uses are deceptive.

Without prejudice to the above contention, if the intention of the Defendants

was to mislead the public they wouldn't have used any derogatory statements

against the Plaintiff. Liability only attaches for trademark infringement

when conduct is "likely to confuse an appreciable number of people as to the

source of the product." **Entrepreneur Media, Inc. v. Smith**, 279 F.3d 1135,

1151 (9th Cir.2002).

In view of the above the contention of the Plaintiff that the Defendant

had caused initial interest confusion among customers is not sustainable.

5. **PLAINTIFFS' CLAIM FOR MONETARY DAMAGES, INJUNCTIVE RELIEF AND ATTORNEY**

**FEES SHOULD BE DISMISSED PURSUANT TO THE ABOVE GROUNDS**

In the present case Plaintiff has presented no evidence of resulting

injury. "The measure of damages available for misappropriation claims

includes the economic value of the use of an individual's name and likeness."

Plaintiff does not address this issue. "Plaintiff's failure to present

evidence of individual damages is fatal to their claims because damages must

be proven with reasonable certainty." **In re Hanford Nuclear Reservation**

**Litig., 292 F.3d 1124, 1135 (9th Cir.2002); Abuan v. Gen. Elec. Co., 3 F.3d**

**329, 334 (9th Cir.1993).**

Evidence must provide a reasonable basis for estimating the plaintiff's

loss with as much precision as possible; conjecture or speculation will not

suffice; **Thomas v. Goudreault, 163 Ariz. 159, 786 P.2d 1010, 1019 (App.1989.**

A defamation action compensates damage to reputation or good name

caused by the publication of false information.  In the present case since

cause of action, which is defamation, cannot be brought under Lanham Act

damages are unwarranted.  The statute provides that attorneys' fees may be

granted in "exceptional cases." 15 U.S.C. § 1117(a).  "This language requires

a party requesting fee to show by clear and convincing evidence "bad faith,

fraud or other significant misconduct which would, make it grossly unjust for

the prevailing party to be left with the burden of his litigation expenses."

**SSP Agric. Equip., Inc. v. Orchard Rite Ltd., 592 F.2d 1096, 1102 (9th**

**Cir.1979); see also Reactive Metals & Alloys Corp. v. ESM, Inc., 769 F.2d**

*1578, 1582 (Fed.Cir.1985).* In this context the claim of attorney fees made by the plaintiff is unjustifiable.

"As a general rule, a permanent injunction will be granted when liability has been established and there is a threat of continuing violations." *MAI Systems Corp. v. Peak Computer, Inc., 991 F.2d 511, 520 (9th Cir.1993).* It is evident from the above contentions that the present case is merely an attempt on the part of the Plaintiff to put the Defendant out of the picture because he views Defendant's products as being a direct threat to his suffering business.

Under these circumstances this honorable court may be pleased to allow the motion to dismiss the complaint filed by the Plaintiff.

## CONCLUSION

For all the reasons set forth above, this court may be pleased to dismiss Plaintiff's complaint for failure to state a claim and lack of cause of action upon which the following relief can be granted.

## RELIEFS

In view of the above legal and factual averments this honorable court may be pleased to grant the following reliefs:

1. To dismiss the Complaint filed by the Plaintiff for monetary damages and injunctive reliefs for various acts of copyright and trademark infringement in violation of Lanham Act pursuant to Fed. R. Civ. P 12(b)(2) and 12(b)(3).

2. To dismiss the Claim of the Plaintiff pursuant to Fed. R. Civ. P 12(b)(6).

3. To dismiss the Plaintiffs' claims for Copyright Infringement, Unfair Competition and Initial Interest Confusion against this Defendant under The Lanham Act.

4.   To grant such other and further reliefs as this honorable court may deem fit and proper in the circumstances of the case.

Wherefore, Defendant Monica Main, individually (pro se) respectfully requests that this Court grant her Motion to Dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted dismissing the complaint and granting such other and further relief as the Court may deem reasonable and just under the circumstances.

RESPECTFULLY SUBMITTED this the 4th day of March 2010

By _____

Monica Main

Pro se

1
2
3
4
5
6            **CERTIFICATE OF SERVICE**
7
8        The undersigned certifies that on this 4th day of March, 2010, a true
9   and correct copy of the foregoing DEFENDANT MONICA MAIN'S MOTION TO DISMISS
10  FOR LACK OF PERSONAL JURISDICTION, was mailed by Priority United States Mail,
11  postage prepaid with tracking number 9405503699300162956015, addressed as
12  follows:

13

14       Maria Crimi Speth. Esq.
15       Mark D. Bogard, Esq.
16       Jaburg & Wilk, P.C.
17       Attorneys at Law
18       3200 N. Central Ave., Ste. 2000
19       Phoenix, AZ  85012

20
21
22
23                                        _____
24                                               Monica Main
25
26
27
28